**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| MN Citizens Concerned for Life, Inc., et al., | Civil No. 02-3819 (RHK/AJB) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Doug Kelley, et al., | |
| Defendants. | |

---

Before the Court is Plaintiffs' Motion for Attorneys' Fees and Expenses. The background of this litigation is set forth in the Eighth Circuit's opinion found at 427 F.3d 1106 (2005), and will not be repeated in detail here. In summary, Plaintiffs had challenged eight (8) provisions of Minnesota's election law statute, ultimately prevailing with respect to three (3) and being unsuccessful with respect to the remaining five (5).

Although Defendants challenge Plaintiffs' claimed status as "prevailing parties" in this litigation, it is clear to the Court they are properly classified as prevailing parties; the Court also determines, based on the full record before it, that there are no "special circumstances" that would support a denial of attorneys' fees and expenses to Plaintiffs. Accordingly, the question remaining is the <u>amount</u> of attorneys' fees and expenses to which the Plaintiffs are entitled.

Plaintiffs claimed the following:

(a) For the firm of Bopp, Coleson & Bostrom, attorneys' fees in the amount of $139,044.75 and expenses and costs in the amount of $3,557.98, for a total of $142,602.73;

      (b)      For the firm of Thomas B. Olson & Associates, P.A., attorneys' fees in the amount of $3,640, and expenses and costs in the amount of $97, for a total of $3,737; and

      (c)      For the firm of Olson, Usset & Weingarden P.L.L.P., attorneys' fees in the amount of $4,260, and expenses and costs in the amount of $439.10, for a total of $4,699.10.

The three categories of claimed fees and expenses were supported by detailed time and expense records of the law firms involved and supporting affidavits with respect to the reasonableness of the hourly rates of counsel and other legal personnel performing the claimed services. The Court has reviewed in detail these submissions. Plaintiffs assert, and the Court finds, that efforts were made to cull out and eliminate time and expenses attributable to the five (5) unsuccessful claims. The Court recognizes that this is not an easy task – counsel involved in major litigation such as this do not, and as a practical matter cannot, fine-tune their time records between or among several claims. Having said that, however, the Court is satisfied that a good faith effort was made, and successfully made, to distinguish between time spent on the successful claims and the unsuccessful claims and that the claimed hours are attributable to the claims with respect to which the Plaintiffs prevailed.

The Court also finds that the hourly rates claimed by Plaintiffs are, in fact, the ordinary rates for similar work in the community where this litigation took place. To the extent that the hourly rates may seem "high," it is easily and appropriately explained and

justified by the First Amendment issues litigated here and the recognized expertise of Plaintiffs' counsel.  See <u>Republican Party of Minn. v. White</u>, 456 F.3d 912 (8th Cir. 2006).

In response to the application for attorneys' fees and expenses, Defendants have mounted a full scale attack on virtually every aspect of the application – they dispute that Plaintiffs are entitled to "prevailing party" status; they allege "special circumstances" either requiring or supporting a denial of the application; and they take issue with the amount of time claimed and the hourly rates of counsel.

The main thrust of Defendants' objections is directed at the fees claimed by the Bopp law firm.  Among the objections are the following:

> First, the Bopp firm's efforts to divide their hours between hours allocated to winning issues and hours allocated to losing issues are, to a significant degree, arbitrary.
>
> Second, with respect to certain items, Plaintiffs sometimes allocated hours proportionally between issues won and issues lost, while charging the full number of hours on the same topic in other instances.
>
> Third, on many occasions Plaintiffs have failed to reduce the number of hours proportionately when logic would require it.
>
> Fourth, in certain areas Plaintiffs are requesting fees for an excessive number of hours.
>
> Fifth, a number of the entries for attorneys' fees are vague and do not provide a sufficient basis for this Court to evaluate the reasonableness of the claimed amount.
>
> Sixth, the Bopp firm billed in quarter hour increments and it appears that each attorney billed for each task separately.
>
> Seventh, Plaintiffs claim 10.75 hours, or $ 2,587.50, for reviewing their billings to "exercise billing judgment."

Eighth, many of the items claimed were necessary to carry out the lawsuit, but have not been reduced at all to account for the partial success of Plaintiffs.

Ninth, Defendants are being asked to bear significant additional expenses for Plaintiffs' decision to hire counsel from out of state.

Plaintiffs respond to each of the Objections and the Court finds that said responses adequately address the concerns of Defendants[1] and except as noted in footnote 1, the Objections are overruled, and the claims of the Bopp law firm will be allowed as presented.

In addition, the Court finds no basis for reducing the fees claimed by Scott Lucas of Thomas B. Olson & Associates and Olson, Usset & Weingarden and they will be allowed as presented.

Based on the foregoing, and upon all the files, records and proceedings herein, the Court determines that Plaintiffs are "prevailing parties," Plaintiffs are entitled to reimbursement for their reasonable attorneys' fees and expenses, and the application for said fees and expenses is fully supported by the affidavits and this Court's familiarity with <u>both</u> the background and expertise of counsel.

Accordingly, **IT IS ORDERED**:

1. Plaintiffs' Motion for Attorneys' Fees and Expenses is **GRANTED** and the following sums are awarded to the claimants[2] and against the Defendants as follows:

---

[1] Plaintiffs have agreed to reduce the claim by $2,681.50 in response to Defendants' objections. See Plaintiffs' Reply Brief at 10-13. There is also an agreed upon deduction of $2,419.25 for billing in quarter-hour increments. See id. at 15.

[2] The Court determines that there is no basis for the imposition of costs and attorneys' fees against the Hennepin County Attorney.

(a) to the firm of Bopp, Coleson & Bostrom, the sum of $141,355.09 for attorneys' fees sought in the application, together with reasonable attorneys' fees expended in connection with the fee application, and reimbursement for expenses reasonably incurred;

(b) to the firm of Thomas B. Olson & Associates, P.A., the sum of $3,737.00 for attorneys' fees and expenses reasonably incurred; and

(c) to the firm of Olson, Usset & Weingarden P.L.L.P., the sum of $4,699.10 in attorneys' fees and expenses reasonably incurred.

Dated: February 23, 2007

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge